**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **DAWN SCHAFFNER-WILSON,** ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| **KOLOB MOUNTAIN PRODUCTS, LLC,** ) | |
| **and AMAZON.COM, INC.,** ) | |
|     Defendants. ) | |

**COMPLAINT FOR DAMAGES**

Comes now the Plaintiff, DAWN SCHAFFNER-WILSON ("DAWN"), by and through counsel, Arman G. Sarkisian, of Sarkisian, Sarkisian, and Associates, PC, and for her cause of actions against the named Defendants, allege and plead and follows:

**I.   PARTIES**

1. That the Plaintiff is an individual and resident of Lake County, State of Indiana.

2. That the Defendant, KOLOB MOUNTAIN PRODUCTS, LLC ("KOLOB") is a for profit business entity with a principal place of business located at 286 S 380 W Ivins, UT 84738. Its registered agent for service of process is Russell Sagendorf, 286 S 380 W Ivins, UT 84738.

3. That the Defendant, AMAZON.COM, INC. ("AMAZON") is a for profit business entity with a principal place of business located at 410 Terry Avenue North, Seattle Washington 98109. Its registered agent for service of process is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501.

## II. VENUE AND JURISDICTION

4. That this court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1). Plaintiff is a citizen of the State of Indiana. Defendant KOLOB is a citizen of the State of Utah. And Defendant AMAZON is a citizen of the State of Washington.

5. That Plaintiff's claims exceed the sum of $75,000.00, exclusive of interests and costs.

6. That venue is proper in this judicial district pursuant to 28 U.S.C. 1391(a)(b) and (c) on the grounds that all or a substantial portion of the breaches and of the negligent and tortious acts giving rise to the claims asserted herein occurred in Lake County, State of Indiana which is located in this judicial district.

## III. FACTUAL ALLEGATIONS

7. That the Defendant, AMAZON, maintains an online shopping website available to consumers across the United States, specifically in this case the State of Indiana.

8. That at all times relevant herein, the Defendant, KOLOB, was a 'Seller' of products by and through the Defendant, AMAZON's online website.

9. That on or around November 6, 2016, DAWN purchased a folding step stool ("the stool") from Defendant, KOLOB, by and through Defendant, AMAZON's online website.

10. That the folding step stool was titled as "Kolob Mountain Folding Step Stool with Storage Hook, Dots-in Black."

11. That the purchase price was $14.95.

12. That the purchase price was paid by credit card charged by Defendant AMAZON.

13. That DAWN purchased the step stool from AMAZON and KOLOB based upon the promotion of the product on AMAZON's website.

14. That upon information and belief, the step stool was distributed by Defendant, AMAZON.

15. That DAWN received the stool at her home in a box bearing AMAZON's logo.

16. That upon information and belief the Defendant, KOLOB, imported the step stool from a manufacturer named Yancheng Kanghui Plastics Co. Ltd., which does not have any local locations or agents, and is not otherwise subject to service in the State of Indiana.

17. That upon information and belief the Defendant, KOLOB, purchased the step stools to be resold in the United States, either wholly or in part through Defendant, AMAZON's, website.

18. That on January 26, 2017, DAWN had placed the step stool next to her bed in her bedroom at her home.  Dawn had placed the step stool for the purpose of getting into and out of her bed while recovering from a surgical procedure.

19. That on said date, DAWN attempted to get out of her bed.  As Dawn began to use the step stool to come down from her bed, the step stool immediately cracked and broke apart, causing DAWN to fall to the floor.

20. That at all times relevant herein, DAWN's use of the step stool was foreseeable and was consistent with its intended use.

21. That at all times relevant herein, DAWN was using the step stool for the purpose for which it was designed, manufactured, marketed, imported, distributed, and/or sold.

22. That prior to the step stool breaking, DAWN had not modified, altered, changed, or adjusted the step stool in any way or fashion.

23. That DAWN had no reason to believe that the stool was dangerous, not fit for its intended purpose or manufactured with unreasonable, inappropriate, or unsafe materials that were likely to fail when the step stool as being used for its intended purpose.

24. That the Defendants failed to warn DAWN of these facts prior to her purchase and use of the step stool.

25. That the stool was defective and unsafe for normal or reasonably anticipated and intended use because it failed and shattered when DAWN attempted to use the stool for the purpose for which it was designed, manufactured, marketed, imported, distributed and sold.

26. That the stool was unreasonably dangerous because it was more dangerous than would be reasonably expected by a reasonable consumer when it shattered without any warning and caused DAWN to fall and become injured.

27. That the stool was defective and unreasonably dangerous because it did not contain adequate warnings or instructions advising DAWN or other reasonable consumers that the stool was manufactured with unreasonable, inappropriate, or unsafe materials, making it more likely to crack, break, shatter or fail when being used for its intended and foreseeable purposes.

28. That these facts were known, or should have been known, to the Defendants, KOLOB and AMAZON, prior to the sale of the stool to DAWN.

29. That as a direct and proximate result of the failure, breaking, and/or shattering, of the step stool which caused DAWN to fall and become injured, DAWN has sustained personal injuries and has been required to seek medical treatment for her injuries.  In addition, DAWN was unable to engage in her regular activities.  DAWN has suffered and

continues to suffer from the consequences of her physical, emotional, and mental injuries and impairments, some of which are permanent, caused solely by the negligence, recklessness and wantonness of the Defendants.

## IV.   COUNT ONE – NEGLIGENCE

30. That the Plaintiff, DAWN, hereby adopts and incorporates by reference all allegations contained in paragraphs 1-29 as if fully incorporated herein.

31. That the Defendants owed DAWN a duty of care to verify that the step stool was designed, manufactured, marketed, imported, distributed and sold in a manner consistent with good manufacturing practices and prudent business practices.

32. That the Defendants owed DAWN a duty of care to prevent her from being harmed by the sudden, unexpected and unforeseen failure of the step stool that caused it to break when being used for its intended purposes.

33. That the Defendants knew, or in the exercise of ordinary care should have known, that the step stool was likely to fail and break when being used for its intended and foreseeable purposes.

34. That as a result, the Defendants owed a duty to DAWN to (1) warn her of other failures of substantially similar stools designed, manufactured, marketed, imported, distributed or sold by them, (2) warn her of any defects in the design, manufacture and distribution of the step stool, and/or (3) to disclose to her any other instances of failures of stools substantially similar to the step stool.

35. That the Defendants breached one or more of these duties.

36. That the Defendants owed a duty to DAWN to use ordinary care to ensure that the step stool was properly designed, manufactured, inspected and tested before marketing, importing, distributing and selling it to the general public.

37. That the Defendants breached one or more of these duties that were owed to DAWN.

38. That as a direct and proximate result of the Defendants' breaches of their respective duties herein, DAWN has sustained the injures and damages set forth above and outlined herein.

## V.   COUNT TWO – BREACH OF EXPRESS AND IMPLIED WARRANTIES

39. That the Plaintiff, DAWN, hereby adopts and incorporates by reference all allegations contained in paragraphs 1-38 as if fully incorporated herein.

40. That as designers, manufacturers, importers, and/or distributors and sellers of the step stool, Defendants impliedly warranted that the step stool was fit for the ordinary purpose for which it was intended and marketed to be used.

41. That the Defendants breached implied warranties of merchantability and fitness for a particular purpose.

42. That as designers, manufacturers, importers, and/or distributors and sellers of the step stool, Defendants expressly warranted and represented that the step stool was safe and was designed for use and could support a weight of up to 300 pounds.

43. That this warranty was false and was known or should have been known to be false in the exercise of reasonable care by the Defendants.

44. That the Defendants breached this express warranty.

45. That as a direct and proximate result of the Defendants' breaches of their respective duties herein, DAWN has sustained the injures and damages set forth above and outlined herein.

### VI.  COUNT THREE – WILLFUL AND WANTON CONDUCT

46. That the Plaintiff, DAWN, hereby adopts and incorporates by reference all allegations contained in paragraphs 1-45 as if fully incorporated herein.

47. That on information and belief, the step stool was designed and manufactured in the same manner using the same type of unreasonable, inappropriate, and/or unsafe materials that were the subject of a recall due to dangerous and/or defective conditions.

48. That the recall was necessitated because of numerous reports of failures of substantially similar stools causing injuries to consumers as a result of step stools breaking or collapsing unexpectedly.

49. That the Defendants knew or should have known of a recall or similar recalls prior to any design, manufacturing, marketing, importing, distributing and/or sale to the general public, specifically DAWN.

50. That the Defendants owed a duty to DAWN to use ordinary care to ensure that step stools, like the subject step stool that caused injury to Dawn, that are substantially similar to or identical in composition to the step stools that were the subject of the recall were not available for sale to DAWN and the general public.

51. That despite the fact that the step stool in question is substantially similar to or identical in composition to the step stools that were subject of a recall, the Defendants willfully, wantonly, and/or recklessly failed to warn of the defects in the stool and failed to remove the dangerous and defective step stools from the online store and online website.  Further, the Defendants allowed a step stool to be sold to DAWN without warning her of the fact that other substantially similar step stools had failed and injured other consumers.

52. That as a direct and proximate result of the Defendants' breaches of their respective duties herein, DAWN has sustained the injuries and damages set forth above and outlined herein and is entitled to recover punitive damages in an amount sufficient to punish the Defendants and deter any similar future conduct.

## VII.    COUNT FOUR – STRICT LIABILITY

53. That the Plaintiff, DAWN, hereby adopts and incorporates by reference all allegations contained in paragraphs 1-52 as if fully incorporated herein.

54. That on information and belief, Defendant, KOLOB, participated in the design, manufacture, specifications, testing, and/or importation of the step stool and is therefore deemed to be a manufacturer of personal property sold as new property.

55. That the Defendants, KOLOB and AMAZON, are held strictly liable for placing into the stream of commerce a product in a defective condition which is unreasonably dangerous to the consumer like DAWN, and that DAWN is in the class of persons that the Defendants should have reasonably foreseen as being subject to the harm caused by the defective condition and/or defective product.

56. That the step stool was defective and unreasonably dangerous to an extent beyond that which would be contemplated by DAWN or any other ordinary consumer who purchased it.

57. That the dangerous condition of the step stool was known to or should have been known to Defendants and was not made known to DAWN.

58. That DAWN was not properly warned of the defective and unreasonably dangerous condition of the step stool.

59. That the Defendants are strictly liable for DAWN's injuries and damages pursuant to Indiana Code 34-20.

60. That as a direct and proximate result of the strict liability of Defendants, DAWN has sustained the injures and damages set forth above and outlined herein.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, having stated her causes of action, the Plaintiff, DAWN SCHAFFNER-WILSON, requests the following:

a. That process issue and be served upon the Defendants requiring them to appear and answer within the time provided by law;

b. That DAWN recovers compensatory damages to compensate her appropriately for her personal injuries, expenses, losses and economic and non-economic damages allowed by law in an amount to be set by the evaluation and decision of a jury;

c. That DAWN recovers punitive damages in an amount appropriate to deter similar conduct and to punish the Defendants for their reckless, willful and wanton conduct in an amount to be set by the evaluation and decision of a jury;

d. That DAWN recovers all of her costs associated with this action;

e. That DAWN recovers pre-judgment and post-judgment interest; and

f. That DAWN recovers all other just and proper relief in the premises otherwise allowable by law.

Respectfully submitted,

\s\ Arman G. Sarkisian
ARMAN G. SARKISIAN (28767-64)
SARKISIAN, SARKISIAN, & ASSOC., PC
6165 Central Avenue
Portage, Indiana 46368
p. (219) 762-7718 / f. (219) 763-4650
Arman@Sarklawfirm.com
Attorney for Plaintiff(s)

## **MOTION FOR TRIAL BY JURY**

Plaintiff, by counsel, hereby demands a trial by jury on all counts triable by a jury.

Respectfully submitted,

\s\ Arman G. Sarkisian
ARMAN G. SARKISIAN (28767-64)
SARKISIAN, SARKISIAN, & ASSOC., PC
6165 Central Avenue
Portage, Indiana 46368
p. (219) 762-7718 / f. (219) 763-4650
Arman@Sarklawfirm.com
Attorney for Plaintiff(s)